FILED
2022 Aug-17 PM 04:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **JOEY TEMPLETON,** ) | |
| ) | |
|    **Claimant,** ) | |
| ) | |
| **vs.** ) | |
| ) | **Civil Action No. 7:21-cv-1587-CLS** |
| **KILOLO KIJAKAZI, Acting** ) | |
| **Commissioner, Social Security** ) | |
| **Administration,** ) | |
| ) | |
|    **Defendant.** ) | |

## MEMORANDUM OPINION

Claimant, Joey Templeton, commenced this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying Mr. Templeton's claim for a period of disability, disability insurance benefits, and Supplemental Security Income.[1]

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

---

[1] Doc. no. 1 (Complaint).

(11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ erroneously substituted her opinion for that of the treating physician, and improperly evaluated his subjective complaints.[2] Upon review of the record, the court concludes that claimant's contentions lack merit, and the Commissioner's ruling is due to be affirmed.

**A.     The ALJ's Evaluation of the Treating Physician's Opinion**

Claimant contends that the ALJ did not accord proper weight to the opinion of Dr. Rocio Vazquez do Campo. Claimant relies on Eleventh Circuit precedent that applied an earlier version of the Commissioner's regulations to disability claims, and the  so-called "treating physician" rule, which required the ALJ to defer to the medical opinions of treating physicians to determine whether a claimant is disabled, unless good cause was shown. *See, e.g., MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (superseded by regulation as stated in *Harner v. Social Security Commissioner*, 38 F.4th 892 (11th Cir. 2022)).  The Commissioner contends that this argument is misplaced because of the promulgation of a new regulation, applicable to claims filed on or after March 17, 2017, as was claimant's, abrogating the "treating

---

[2] Doc. no. 11 (Plaintiff's Initial Brief), at 4.

physician" rule.  *See* 20 C.F.R. § 404.1520c.  In reply, claimant argues that, notwithstanding the new regulation, the Eleventh Circuit decisions applying the "treating physician" rule remain controlling.[3]

Claimant's contention is without merit.  The Eleventh Circuit disposed of claimant's argument in the recently decided *Harner v. Social Security Commissioner*, 38 F.4th 892 (11th Cir. 2022).[4]  There, the Court of Appeals held that the precedent upon which claimant relies did not survive the Commissioner's revision of the regulations.  *Id.* at 898.  ("That our precedents came before the Commissioner's regulations does not change our analysis [that the new regulations fell within the express delegation to the Commissioner to adopt rules and regulations for adjudicating disability claims].") (alteration supplied).

Thus, the applicable standard for evaluating medical opinions is contained in 20 C.F.R. § 404.1520c.  The regulation makes clear that the Commissioner will not defer or give any specific evidentiary weight to any medical opinion.  Instead, the Commissioner evaluates the persuasiveness of the medical opinion, with supportability and consistency as the most important factors.  20 C.F.R. § 404.1520c(b)(2).  The relationship with the claimant is one of other factors for

---

[3] Doc. no. 13 (Reply Brief of Plaintiff), at 3.

[4] *Harner* was decided on June 27, 2022, after the submission of the parties' briefs.

consideration, including the length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and whether the medical source examined the claimant. 20 C.F.R. § 404.1520c(c)(3). However, the ALJ is only *required* to explain how she considered the supportability and consistency factors with respect to the medical opinions. 20 C.F.R. § 404.1520c(b)(2).

The court finds that the ALJ evaluated claimant's claim under the proper regulatory standard, and adequately explained her reasons for finding that the opinion of the treating physician, Dr. Vazquez do Campo, was not persuasive. Following a hearing and review of the medical evidence of record, the ALJ engaged in the multi-step evaluation process established by the Commissioner, in order to determine whether claimant was eligible for disability benefits. The ALJ found that claimant suffered from the severe impairments of postural orthostatic tachycardia syndrome ("POTS")[5] and recurrent arrythmias, and that those impairments severely limited the ability to perform basic work activities.[6] She also found that claimant's mental

---

[5] POTS is a disorder that has orthostatic intolerance as a primary symptom. Orthostatic intolerance "describes a condition in which an excessively reduced volume of blood returns to the heart after an individual stands up from a lying down position." Individuals who suffer from POTS experience lightheadedness, with a rapid increase in heartbeat, which is relieved by lying down again. http://ninds.nih.gov/health-information/disorders/postural-tachycardia-syndrome (last visited August 15, 2022).

[6] Tr. 24.

impairments were non-severe, and caused no more than minimal limitation on claimant's ability to work.[7] Based on the record as a whole, the ALJ determined that claimant retained the residual functional capacity to perform work at the sedentary exertional level with the following limitations: never climb ladders, ropes or scaffolds; occasional exposure to extremes of cold, extremes of heat, humidity, full body vibration, and atmospheric conditions, *i.e.*, dust, odors, fumes and pulmonary irritants; no exposure to hazards such as unprotected heights and dangerous machinery; simple instructions and tasks; and, alternate between sitting and standing every hour for one to three minutes but remaining on task.[8]

The ALJ specifically addressed the physical capacities evaluation prepared by Dr. Vazquez do Campo, who diagnosed and treated claimant for POTS. Dr. Vazquez do Campo had seen claimant three times, which the ALJ characterized as a "very limited treating relationship."[9] She noted the inconsistencies between the physician's evaluation of claimant's restrictions and claimant's testimony about his activities. She further found that some of the restrictions, such as the ability to only occasionally perform fine and gross manipulation and reach, were not logically connected to

---

[7] Tr. 25.
[8] Tr. 25-26.
[9] Tr. 29.

claimant's POTS diagnosis.[10] The ALJ concluded that "the records of Dr. Vazquez do Campo do not support the specific limitations she included," and that, therefore, she was not persuaded by the physician's physical capacities evaluation.[11] The court is satisfied that the ALJ's conclusion is supported by substantial evidence.

Claimant also alleges that the ALJ substituted her lay opinion for that of the treating physician. This contention is likewise without merit. As discussed above, the ALJ evaluated the treating physician's opinion as to claimant's physical capacities in light of *all* of the evidence of record, including claimant's testimony, and adequately explained why she did not find the opinion entirely persuasive. She cannot be said to have disregarded Dr. Vazquez do Campo's opinion, as claimant contends. *Cf. Freeman v. Schweiker*, 681 F.2d 727, 731 (11th Cir. 1982) (ALJ improperly relied on the claimant's appearance at the hearing, rather than the judgment of the medical and vocational experts).

## B.   Claimant's Subjective Complaints

To demonstrate that pain or another subjective symptom renders her disabled, a claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from

---

[10] *Id.*

[11] *Id.*

that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). Where, as here, there is no objective medical evidence confirming the severity of the alleged subjective symptoms, the ALJ must evaluate the intensity and persistence of the alleged symptoms and their effect on the claimant's ability to work. *See* 20 C.F.R. § 404.1529(c), (d), 416.929(c). If an ALJ discredits subjective testimony of pain, "he must articulate explicit and adequate reasons" for doing so. *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)).

Claimant takes issue with the ALJ's evaluation of claimant's testimony regarding his daily activities when assessing the effect of his subjective symptoms on his ability to work. An ALJ may consider a claimant's daily activities, among other factors, when assessing the effect of subjective symptoms on a claimant's ability to work. 20 C.F.R. § 404.1529(c)(3)(i).

Here, the ALJ determined that claimant had a medically determinable impairment that could reasonably be expected to cause subjective symptoms.[12] She

---

[12] Tr. 26.

reviewed his testimony regarding his daily activities, and noted the medication that he was prescribed.[13] She stated that "[a]fter careful consideration of the evidence I find that the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision."[14] The ALJ then thoroughly discussed the medical and other record evidence, adequately justifying her ultimate conclusion that claimant had not met his burden of establishing disability. In particular, she compared claimant's testimony with the limitations that Dr. Vazquez do Campo imposed, and found that, as to some of the limitations, they could not be reconciled.[15]

In summary, the court concludes that the ALJ's decision regarding claimant's disability was supported by substantial evidence and in accordance with applicable legal standards. Accordingly, the decision of the Commissioner is due to be affirmed. A separate final judgment will be entered contemporaneously herewith.

**DONE** this 17th day of August, 2022.

_____
Senior United States District Judge

---

[13] *Id.*

[14] *Id.*

[15] Tr. 29.